UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MORSE,<br><br>                              Plaintiff,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA), INC. and SONY INTERACTIVE ENTERTAINMENT LLC,<br><br>                              Defendants. | Case No.: 21-CV-413-CAB-BLM<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Doc. No. 4] |

This matter is before the Court on Plaintiff's motion to remand. The motion is fully briefed, and the Court deems it suitable for submission without oral argument. Because Defendants have satisfied their burden to establish subject matter jurisdiction, the motion is denied.

**I.     Background**

Plaintiff filed this lawsuit in San Diego County Superior Court on January 25, 2021. The substantive allegations in the original complaint are largely irrelevant to the instant motion. In short, Plaintiff alleges that she worked as a security officer for Defendants G4S Secure Solutions (USA), Inc. ("G4S") and Sony Interactive Entertainment LLC ("SIE") in San Diego, California. The complaint asserts a dozen claims under California state law,

including several claims for discrimination, retaliation, and failure to accommodate on account of disability, and several wage and hour claims.

On March 8, 2021, Defendants removed the complaint to this court based on diversity jurisdiction under 28 U.S.C. § 1332. On March 15, 2021, Defendants filed a motion to dismiss, in response to which Plaintiff filed an amended complaint. Defendants have since answered the amended complaint. On April 1, 2021, Plaintiff filed the instant motion to remand, arguing that Defendants failed to establish that SIE is diverse from Plaintiff.

## II.   Legal Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (internal quotation marks and citation omitted).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks and citation omitted). "The burden of establishing federal jurisdiction is upon the party seeking removal . . . ." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

## III.   Discussion

Diversity jurisdiction exists when (1) opposing parties are citizens of different states, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In her motion to remand, Plaintiff does not dispute that the amount of controversy exceeds $75,000, or

that Plaintiff is diverse in citizenship from G4S.[1] She argues only that SIE is a citizen of California and therefore not diverse.

There does not appear to be any dispute that Plaintiff is a citizen of California for diversity purposes. Thus, the only issue before the Court is whether SIE is also a citizen of California. SIE is a limited liability company ("LLC"). "For purposes of diversity jurisdiction, a limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). With the notice of removal, Defendants included a declaration from SIE's senior corporate counsel stating that the sole member of SIE is Sony Corporation of America ("SCA"). [Doc. No. 1-3.] Thus, SIE's citizenship for diversity purposes is the same as SCA's. To that end, the notice of removal includes a statement of information from the California Secretary of State's website indicating that SCA is a New York corporation with its principal place of business in New York. [Doc. No. at 38-39.] Based on this information and evidence, Defendants have satisfied their burden to establish that the requisite diversity exists. Plaintiff's arguments to the contrary are unpersuasive.

Plaintiff's sole argument for remand is that SCA is not actually SIE's sole member. First, Plaintiff argues that Defendants' evidence that SCA is SIE's sole member is based on lack of foundation, lack of authenticity, and hearsay. [Doc. No. 4 at 6; Doc. No. 11.] These objections are misplaced. When subject matter jurisdiction is challenged, the Court may consider "summary-judgment-type evidence" relevant to disputed issues. *Cf. Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (holding that parties may submit "summary-judgment-type" evidence as to the amount in controversy requirement). Rule 56 governing motions for summary judgment provides that "[a]n

---

[1] The complaint alleges that Plaintiff resides in California and that G4S is a Florida corporation. [Doc. No. 1 at 14.] The notice of removal includes a declaration from G4S's human resources director stating that G4S's headquarters is located in Jupiter, Florida. [Doc. No. 1-2.] Accordingly, the Court is satisfied that sufficient diversity exists between Plaintiff and G4S.

affidavit or declaration used to support or oppose a motion [for summary judgment] must . . . set out facts that *would be admissible* in evidence. . . ." Fed. R. Civ. P. 56(c)(4) (*emphasis* added).  Plaintiff does not argue that Defendants could not offer any admissible evidence that SCA is SIE's sole member as stated in the declaration attached to the notice of removal, and the declarations and evidence currently before the court do not present any insurmountable evidentiary obstacles such as lack of foundation or proper authentication. Defendants' evidence is "summary-judgment-type evidence," and Plaintiffs' objections are overruled.  *See generally Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) ("[W]hen evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still consider that evidence.") (*emphasis* in original) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003)).

Second, Plaintiff argues that SIE's recent statement of information filing with the California Secretary of State reveals that Kenichiro Yoshida, who has a California address, is a member of SIE, making SIE a citizen of California for diversity purposes.  [Doc. No. 4-1 at 7.]  The form in question, however, plainly required SIE to list either a manager *or* member.  [*Id.*]  With their opposition, Defendants offer a declaration stating that Kenichiro Yoshida is a manager, not a member, of SIE.  [Doc. No. 10-1.]  Thus, the statement of information on which Plaintiff relies does not rebut the evidence Defendants included with their notice of removal that SIE's sole member was SCA, and that SCA is a citizen of New York and not of California.

**IV.   Conclusion**

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

It is **SO ORDERED**.

Dated:  April 27, 2021

Hon. Cathy Ann Bencivengo
United States District Judge